UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JEANINE L. JACKSON,

    Plaintiff,

v.                                            Case No. 10-C-0569

STATE OF WISCONSIN,
OFFICE OF THE DISTRICT ATTORNEY
OF MILWAUKEE COUNTY,
BENJAMIN A. WESSON, ANDREA B. RAYMOND,
MEGAN M. WILLIAMSON, JOHN CHISHOLM,
RANDY SITZBERGER,
OFFICE OF LAWYER REGULATION,
WISCONSIN DEPARTMENT
OF WORKFORCE DEVELOPMENT,
JEAN MARIE FEEDHAM, GERARDO H. GONZALEZ,
EMERY HARLAN, DAVID SAGGIO,
JARED POTTER, STAFFORD ROSENBAUM,
KARL HAYES, PHILADELPHIA INSURANCE COMPANY,
JOHN DOE, MEGAN CARMUDY,

    Defendants.

DECISION AND ORDER GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME (DOCS. 15, 19), GRANTING THE STATE DEFENDANTS' MOTION TO DISMISS (DOC. 9), AND SETTING STATUS CONFERENCE

Pro se plaintiff, Jeanine Jackson, is proceeding on her first amended complaint alleging a "violation of her civil rights under the first and fourteenth amendments, malicious prosecution, discrimination, negligence, negligent supervision, and her protected civil rights under 42 U.S.C. 1981 and 42 U.S.C. 1983 based on race." Since filing this action on July 8, 2010, Jackson has not served various defendants. Nevertheless, the Wisconsin Department of Justice has moved to dismiss the state defendants on the grounds that Jackson's claims are barred by the Eleventh Amendment, the Rooker-Feldman doctrine, and prosecutorial immunity. For the reasons set forth below, the court

will grant the state's motion to dismiss, extend the time for Jackson to serve the remaining defendants, and set a status conference.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir.2009). The court construes the complaint in the light most favorable to the nonmoving party, accepting well-pleaded facts as true, and drawing all inferences in her favor. *Reger Dev. LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). After this review, the claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)).

Jackson's amended complaint of September 3, 2010, contains 210 separately numbered paragraphs setting forth the bases of her claims against more than fifty defendants. In addition to asserting various acts of discrimination by state actors against unrelated individuals, Jackson claims that she was a W-2 client of United Migrant Opportunity Services ("UMOS"), and that UMOS filed a court action to transfer her case to another W-2 agency. Jackson, who felt that the transfer was in violation of W-2 rules, filed a state suit against UMOS, lost on a directed verdict, and was held responsible for $14,000 in costs. Later, Jackson was charged with disorderly conduct for an alleged bomb threat against UMOS, an act which she insists that she did not commit.[1] Jackson believes

---

[1] The court takes judicial notice that the Milwaukee County Case No. 08-CF-4512 remains open.

2

the various defendants have pursued baseless criminal charges against her to pressure her to drop her lawsuits. All acts, according to Jackson, were motivated by race.

First, the State of Wisconsin is not a proper defendant because it is not a "person" for purposes of 42 U.S.C. § 1983 and is immune from suit under Eleventh Amendment. *See Will. v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989)*; Porco v. Trs. of Ind. Univ.*, 453 F.3d 390, 395 (7th Cir. 2006). The Eleventh Amendment extends to state agencies as well as individual state employees sued in their official capacities. *Garcia v. City of Chi.*, 24 F.3d 966, 969 (7th Cir.1994). Accordingly, the Department of Workforce Development and the Office of Lawyer Regulation are dismissed because they are agencies of the State of Wisconsin. Likewise, the Milwaukee County District Attorney's Office is immune as a prosecutorial unit created by the Wisconsin State Legislature. Wis. Stat. § 978.01(1). The Eleventh Amendment also bars Jackson's claims against the remaining state defendants sued in their official capacity.

To the extent that Jackson has sued the district attorney and assistant district attorneys in their individual capacities, these individuals are absolutely immune from civil suits for their prosecutorial acts. The doctrine of prosecutorial immunity provides that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Tully v. Barada*, 599 F.3d 591, 593 (7th Cir.2010).

Jackson submits that these individuals pursued charges against her because she is African American. At paragraph 117 of the amended complaint, Jackson asserts that she was approached by Benjamin A. Wesson who got into her face, told her no more lawsuits, and said that she should retain counsel to help her resolve her suits against

3

UMOS before the next court date. Allegedly, Wesson added that he would ask the court to set the criminal case for jury trial if she failed to comply with his request.

Taking these allegations as true, as the court must when deciding a motion to dismiss, Wesson's conduct falls within the scope of prosecutorial immunity to the extent he was attempting to resolve the case through negotiation. The amended complaint indicated that Jackson was appearing in court on the criminal charges at the time of the conversation. Hence, that the assistant district attorney's statement that she should resolve her issues with UMOS or he would ask for a trial date falls within his advocative function as a state prosecutor. *See Kalina v. Fletcher*, 522 U.S. 118, 126-27, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997); see also *Bembenek v. Donohoo*, 355 F. Supp. 2d 942, 952 (E.D. Wis. 2005). Consequently, the state defendants' motion to dismiss will be granted.

That leaves the court with Jackson's repeated requests to extend time to serve defendants. Jackson has not identified the defendant she is seeking to serve. Initially she offered that she had a "lack of address information, failure to waive service, illness of the plaintiff, and death of the plaintiff's God brother." The same reasons were given in her second motion to extend the time, filed two months later. To date, the defendants who have not appeared in this action are Jean Marie Feedham, Gerardo H. Gonzalez, Emery Harlan, David Saggio, the Philadelphia Insurance Company, UMOS, and Gonzalez, Saggio and Harlan, LLP. Feedham, Gonzalez, Harlan, Saggio, are members of the Gonzalez, Saggio, and Harlan law firm, and the Philadelphia Insurance Company is the alleged insurance carrier for UMOS.

Jackson filed the first motion to extend time shortly before the deadline for effecting service passed. Given that she has had nearly a year to serve these defendants,

4

the court will grant this one time extension of 30 days. Failure to serve these defendants will result in an order dismissing them from the action for lack of service. Now, therefore,

IT IS ORDERED that the motion to dismiss State of Wisconsin defendants is granted. The State of Wisconsin, Wisconsin Department of Workforce Development, Wisconsin Office of Lawyer Regulation, the Milwaukee County District Attorney's Office, District Attorney John Chisholm, and Assistant District Attorneys Benjamin Wesson, Andrea Raymond, Megan Williamson, Karl Hayes, Randy Sitzberger, Megan Carmody, and Ann Romero are dismissed.

IT IS FURTHER ORDERED that plaintiff's motions for an extension of time to serve the amended complaint are granted. Plaintiff shall file proof of service with respect to Jean Marie Feedham, Gerardo H. Gonzalez, Emery Harlan, David Saggio, the Philadelphia Insurance Company, UMOS, and Gonzalez, Saggio and Harlan, LLP within thirty days or these defendants will be dismissed for lack of service.

IT IS FURTHER ORDERED that Jackson and all parties who have answered but not been dismissed shall appear for a status conference on November 17, 2011, at 1:30 PM in Courtroom 222, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

5

Case 2:10-cv-00569-CNC   Filed 09/26/11   Page 5 of 5   Document 20